# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ONNIE WATSON,**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-102**          (JCN: 2021010160)

**SCHENKER LOGISTICS,**
**Employer Below, Respondent**

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Onnie Watson appeals the March 13, 2023, Order of the Workers' Compensation Board of Review ("Board"). Respondent Schenker Logistics filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the claim administrator's decision suspending payment of temporary partial rehabilitation ("TPR") benefits.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 18, 2020, Mr. Watson, a yard spotter, suffered a workplace injury to his left shoulder when trying to pull a wheel check, or chock block, out from under a trailer tire. The claim administrator held the claim compensable for a strain of the left shoulder, although it was later determined that Mr. Watson had suffered a rotator cuff tear, which required surgery. Following surgery, Mr. Watson's symptoms continued, and he was found to have inadequate healing of a graft, which required a second surgery. Mr. Watson continued to complain of range of motion limitations, weakness, and pain.

---

[1] Petitioner is represented by William B. Gerwig III, Esq. Respondent is represented by Howard G. Salisbury, Jr., Esq.

[2] Although the claim administrator's order suspended "temporary partial disability payments" the benefits at issue here are more properly termed "temporary partial rehabilitation benefits." Accordingly, we will refer to the benefits as temporary partial rehabilitation ("TPR") benefits.

1

On October 7, 2022, Mr. Watson underwent an independent medical evaluation ("IME") performed by Ralph T. Salvagno, M.D. Dr. Salvagno found that Mr. Watson had reached maximum medical improvement ("MMI"). According to Dr. Salvagno, Mr. Watson could not perform the duties of a yard spotter and had permanent restrictions, including that he was limited to pushing, pulling, or lifting a maximum of ten pounds with no overhead lifting of the left shoulder. Dr. Salvagno noted that Mr. Watson was working light duty at the time of the IME. Dr. Salvagno also provided an impairment rating.

On October 20, 2022, the claim administrator issued an order advising Mr. Watson that no further benefits would be paid to him, citing Dr. Salvagno's finding that Mr. Watson had reached MMI. Mr. Watson protested and submitted earning statements in support.

By order dated March 13, 2023, the Board affirmed the claim administrator's order suspending Mr. Watson's TPR benefits. The Board found that pursuant to West Virginia Code § 23-4-9(d) (2005), TPR benefits are only payable when the claimant is receiving vocational rehabilitation services in accordance with a rehabilitation plan developed under the statute. The Board reasoned that, because Mr. Watson was not receiving vocational rehabilitation services in accordance with a rehabilitation plan, he was not entitled to TPR benefits. Mr. Watson now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Watson first argues that the claim administrator wrongfully terminated his TPR benefits because he was found to have reached MMI. According to Mr.

Watson, MMI is irrelevant to determining whether TPR benefits should be paid. Mr. Watson next argues that contrary to the Board's findings, rehabilitation services are not a prerequisite to receiving TPR benefits and that, in his case, they were unnecessary given that Schenker Logistics was able to provide modified work duty. Mr. Watson contends that the parties developed a rehabilitation plan which involved his return to modified work and that "[t]he effort of all the parties to facilitate [Mr. Watson's] return to modified work was a vocational rehabilitation plan within the meaning of the West Virginia Code." As such, Mr. Watson contends that he has met the requirements of West Virginia Code § 23-4-9(d) and that, because he is earning reduced earnings in his modified position, he is entitled to further TPR benefits. We disagree.

Upon our review, we find that Mr. Watson failed to demonstrate that the Board's findings and conclusions were clearly wrong. West Virginia Code § 23-4-9(d) clearly provides, in part, that "[t]emporary partial rehabilitation benefits shall only be payable when the injured employee is receiving vocational rehabilitation services in accordance with a rehabilitation plan developed under this section." West Virginia Code of State Rules § 85-15-5 (2005) sets forth the process of identifying rehabilitation candidates and developing a vocational rehabilitation plan. Critically, the plan must be signed by the claimant and a qualified rehabilitation professional. *Id.* at §85-15-5.3.e. Moreover,

> [f]ailure to sign a plan the injured worker has actively participated in developing, without good cause, as determined in the sole discretion of the Commission, Insurance Commissioner, self-insured employer or private carrier, whichever is applicable, shall cause the suspension of all benefits payable to the claimant until such time as the plan is signed.

*Id.* Accordingly, the statute requires that in order to receive vocational rehabilitation benefits an employee must (1) have a rehabilitation plan and (2) be receiving vocational rehabilitation services in accordance with that plan.

Here, Mr. Watson completely failed to submit any evidence before the Board below, or on appeal, that a rehabilitation plan was developed, signed, or implemented, which is foundational to his entitlement to the requested TPR benefits. Further, contrary to Mr. Watson's claims, the plain language of West Virginia Code § 23-4-9(d) clearly indicates that receipt of vocational rehabilitation services is a prerequisite to receiving TPR benefits.[3] Given his failure to present any evidence that he had a rehabilitation program and was being provided services in accordance with that plan, Mr. Watson has failed to meet his

---

[3] In *Coppa v. W. Va. Off. of Ins. Comm'r*, No. 11-0669, 2013 WL 466497, at *1 (W. Va. Feb. 7, 2013) (memorandum decision) the Supreme Court affirmed that "temporary partial rehabilitation benefits are available only when the injured employee is receiving vocational rehabilitation services."

burden of proof on appeal that he was entitled to TPR benefits. Therefore, the Board did not err in affirming the claim administrator's order suspending payments of TPR benefits.

Accordingly, we affirm the Board's March 13, 2023, order.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen